UNITED BAKING COMPANY, INC., Plaintiff, *v.* BAKERY AND CONFECTIONERY WORKERS' UNION, LOCAL 221, Defendant.

Supreme Court, Schenectady County, February 24, 1939.

*Naylon, Maynard, Smith & Peters*, for the plaintiff.

*William D. Smith*, for the defendant.

*Burton A. Zorn, General Counsel for the New York State Labor Relations Board [J. Griffin Mc Kiernan* of counsel], seeking to intervene.

LAWRENCE, J. This is an action for injunction and motion to secure temporary injunction, restraining the defendant union from carrying out its threat, or intention, to submit testimony before the State Labor Relations Board regarding charges of unfair labor practices, which are claimed to have occurred prior to January 25, 1938.

Many of the facts which are pertinent here were involved in a previous motion in an action by plaintiff against the Labor Board to restrain it from hearing testimony of unfair labor practices, claimed to have been committed against the defendant here prior to the date named. In November, 1937, this defendant filed a petition, or complaint, with the State Labor Relations Board, claiming that certain members of that union had been laid off by the plaintiff here for taking part in labor union activities. The good offices of the Bureau of Mediation were sought and conferences had. These failed to bring about any adjustment of the differences between the plaintiff and its employees. There was a rival union among the employees, known as the Independent Grocery and Bread Workers' Union. This union and the defendant here each claimed the right of being recognized as the sole bargaining agency for all of the workers. Thereafter, and under date

of January 25, 1938, the plaintiff and these two unions entered into agreements and stipulations by which it was provided that a determination should be made regarding which union was to enjoy exclusive bargaining privileges. Thereupon the charges were withdrawn by this defendant and the plaintiff here paid this defendant the sum of $1,925 in settlement of its claim on behalf of its members, and the discharged men were re-employed. By these stipulations and agreements the workers were to express to the State Board their preference as to which union was to be vested with sole bargaining privileges. This was carried out in a method approved by the State Board and under date of April 28, 1938, the State Board certified that the independent union and not this defendant was the exclusive representative of all the employees for the purpose of bargaining.

Thereafter, and in May, 1938, this plaintiff and the said independent union, which had been vested with sole bargaining privileges, entered into a closed shop agreement by which only members of the bargaining union were to be employed. Some of the workers did not become members of the bargaining union but retained membership in the defendant union and these, or some of them, were discharged because of a threatened strike by the bargaining union if they were retained and did not become members of the bargaining union. Thereafter a second complaint was made by this defendant in which it was alleged, among other things, that various acts of the plaintiff employer, prior to January 25, 1938, constituted unfair labor practices and specifically set forth many of the same claims as were made in the previous complaint, which had been adjusted, settled and withdrawn by the agreement of January 25, 1938, under which the plaintiff paid the defendant $1,925.

By the second complaint it was further claimed that the plaintiff here dominated the bargaining union and that the agreement of January 25, 1938, was procured by fraud and without any intention of observing it and as a subterfuge for the discharge of the same men as were previously discharged.

It is my understanding that the plaintiff does not claim that the defendant should be restrained from proceeding before the Labor Board with testimony bearing on unfair labor practices subsequent to January 25, 1938, nor that the bargaining union is a company union, but does insist that all differences which were claimed to exist on or prior to January 25, 1938, between the plaintiff and defendant were adjusted, settled and paid for. Plaintiff, therefore, seeks an injunction restraining the defendant from carrying out its intention to make the adjusted differences the basis of further complaint.

Upon the return of the present motion the Labor Board appeared and asked permission to intervene and, if permission should be granted, to move to dismiss the complaint upon the ground that it was sought indirectly to restrain the Board from carrying on the activities permitted to it by statute. Permission was given the Board to file affidavits and brief, bearing upon the rights claimed. Upon the hearing on this motion the attorney for the defendant union was asked if he intended to produce evidence of unfair labor practices claimed to have occurred prior to the date of their adjustment and prior to the date of the payment to the defendant of $1,925 for such adjustment. He claims such privilege. It is, therefore, apparent that there is an avowed intention to disregard the adjustment. The attorney for the Labor Board was asked if he contemplated that the reception of the proposed evidence was proper. Perhaps it was natural that he did not commit himself or the Board for which he is the legal adviser. He now takes the position that the question will be met when it is presented to the Board. His desire to intervene here, however, indicates at least a willingness to go into adjusted differences, else there would be no occasion for intervention, and the further fact that the complaint is drawn by the Labor Board itself as complainant before itself, specifying the adjusted claims as a basis for consideration, is too plain to be disregarded. That attitude suggests the feeling, which is current in some quarters, that the Labor Relations Board acts as complainant, investigator, prosecutor, jury and executioner. Without intending to cast reflections on the Labor Board, it may not be out of place to suggest that although its powers under the statute which created it are very broad and that, under those statutory powers, its procedure cannot be interfered with nor its determinations questioned until a final order has been made, yet an abuse of procedure and a permitted violation of contract rights is not beyond the power of the courts to restrain in a case where contract rights between others are in issue, regarding which the Board should have no concern. There still remains some liberty of contract under the law and, in my judgment, in this case the duty rests upon the court to vindicate that right. Adjustments of controversies are usually favored — not disregarded.

If we assume, as we must, that the bargaining union, under a closed shop contract, would have the right to insist that the plaintiff discharge workers who did not belong to the bargaining union, then it must follow that the plaintiff was justified in discharging, and even compelled to discharge, members of the defendant union who did not transfer their allegiance to the bargaining

union. It would, therefore, seem that until there was evidence that the bargaining union had sacrificed its right to be such or that the plaintiff had exercised some influence upon or control over that union, the plaintiff could not be called upon to defend any complaints of a rival union and that particularly regarding controversies which had been adjusted between them.

As indicated above, no question is raised by the plaintiff that it is improper to prove unfair labor practices subsequent to January 25, 1938, or that the bargaining union should not be recognized as such because it has become a company union. The bargaining union, as I am advised, will seek to appear before the Labor Board to resist the claim by the defendant here that the bargaining union is a company union. That is not particularly pertinent here except to indicate that the problem which will come before the Board is largely a controversy between rival unions to obtain or retain bargaining rights. The plaintiff did not make the choice between the unions as to which should be the bargaining agency. That choice was determined by the certificate of the Labor Board, and the defendant union has taken no steps to review that determination.

In the application by the Board to intervene and to dismiss the complaint, it is argued that a prior decision in an action by the plaintiff against the Board held that "nothing in the Law would justify the Court at the present time in interfering with the procedure before the Board." It should be noted in that connection that it was decided that no such interference would be justified "in that action against the Board."

It is contended that, as the plaintiff has submitted an answer to the complaint before the Board, it has waived its right to proceed in this action. That contention does not seem to me to be warranted. If the plaintiff was to have any standing before the Labor Board, it was incumbent upon it to set forth such claims as it deemed proper to make.

It is claimed that the plaintiff seeks the same remedy as was sought in the action against the Board and makes the same statements as there made. In that connection it is to be noted that a hearing was scheduled to take place before the Labor Board at the time the first action was started. I assume that in the haste of preparation of papers in that action, the plaintiff mistook its remedy. That resulted in a dismissal of its complaint. It does not seem to me that such action should be an insurmountable obstacle in this action, provided the present action seeks proper relief against the proper party.

As I examine the controversy here, the dispute before the Board is, or should be, whether the bargaining union is to preserve its

status as such, with the rights and privileges which that status permits, and the question here is whether the plaintiff employer must submit to the annoyance and expense of meeting the demands of the defendant union, which is not entitled to represent the workers, and for which it cannot be reimbursed when such demands, for the purpose of this action, are based on claims which have been adjusted and not upon the status of the bargaining union, nor on occurrences subsequent to such adjustment.

The problem here would seem to be reduced to the question of whether the defendant union should be restrained from carrying out what amounts to a threat to disregard its contract obligations. That question would seem to answer itself except that the defendant union asserts that the contract of adjustment was procured by fraud, and apparently would seek to try out that question before the Labor Board. So far as I am able to discover, the Board has not been given any such authority.

Both the defendant union and the State Board apparently take the position that this action is not an action involving a labor dispute under section 876-a of the Civil Practice Act. If it should be claimed by them to be a labor dispute, that would amount to a concession that the controversy is cognizable by the Supreme Court under section 876-a. Plaintiff takes the position that its complaint is sufficient whether it is a labor dispute or otherwise.

It does not seem to me that the Board is a proper party to the controversy here to determine whether the defendant union should be restrained from a threatened violation of its contract obligations. If compelled to meet demands before the Board, which would destroy its contract rights, no chance would be given to be reimbursed, and, under those conditions, equity should consider the complaint of the employer. Naturally, the purpose for which the Board would seek to intervene would be to dismiss the complaint, and a dismissal of the complaint as to the Board would be all they could ask for, and that would place them in the same position as now — on the outside, as they should be, where they have no property or financial interest, so long as their presence is not necessary for the determination of the issues here.

To allow the Board to intervene and then to dismiss the complaint on the theory that it has exclusive jurisdiction, would mean a surrender of all the equitable powers of this court to a Board which is not clothed with equitable powers.

No statement made is intended to direct the activities of the Labor Board but is to restrain the defendant union from disregarding its contract obligations until such time as it shall be determined whether, under general law, such contract is valid and should be

observed. Any attempt to do so before the Labor Board would constitute a violation of its pledge.

I have written somewhat at length because of the importance attached by these parties to this controversy.

The motion by the State Labor Relations Board to intervene is denied, without costs. This denial carries with it its application to dismiss the complaint. The motion by the defendant union to dismiss is denied, with costs. The motion by the plaintiff for temporary injunction is granted.

As the undersigned may be out of the jurisdiction for a period, this statement may be considered in the nature of an order, restraining the defendant union, during the pendency of this action, from violating its contract obligations until such contract is found to be invalid by this court.